NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

DEREK M., *Appellant,*

*v.*

DEPARTMENT OF CHILD SAFETY, M.M., D.M., *Appellees.*

No. 1 CA-JV 15-0147
FILED 10-29-2015

Appeal from the Superior Court in Maricopa County
No.  JD 22513
The Honorable Joan M. Sinclair, Judge

**AFFIRMED**

COUNSEL

John L. Popilek, P.C., Scottsdale
By John L. Popilek
*Counsel for Appellant*

Arizona Attorney General's Office, Tucson
By Laura J. Huff
*Counsel for Appellee*

---

**MEMORANDUM DECISION**

---

Presiding Judge Margaret H. Downie delivered the decision of the Court, in which Judge Patricia A. Orozco and Judge Maurice Portley joined.

---

D O W N I E, Judge:

¶1        Derek M. ("Father") appeals from an order terminating his parental rights to his daughter and son (collectively, "the children"). For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2        The Department of Child Safety ("DCS") filed a dependency petition as to the daughter in September 2012, after she was admitted to the hospital at the age of 17 months.[1] The dependency petition alleged neglect by both parents, as well as substance abuse by Father.

¶3        The superior court found the daughter dependent. DCS offered Father services, including drug treatment, but he was "unwilling" to participate. The mother gave birth to their son in March of 2013. In May 2013, DCS returned the daughter to the mother's care with the understanding that a restraining order was in place and the proviso that Father not be allowed around the children. At DCS' request, the court dismissed the dependency petition in August 2013.

¶4        In September 2013, police officers responded to an altercation between the parents. Based on concerns about domestic violence and drug use, DCS filed a new dependency petition that included both children.

¶5        The court found the children dependent, and DCS offered Father services, including a parent aide, domestic violence classes, drug testing, substance abuse treatment, and a psychological evaluation. The evaluating psychologist determined Father was "clearly having

---

[1]        The Arizona Department of Economic Security originated this action but was later replaced by the Department of Child Safety. *See* S.B. 1001, 51st Leg., 2d Spec. Sess. (Ariz. 2014). We refer to both entities as "DCS."

difficulties maintaining sobriety." She recommended he continue with substance abuse treatment and have verified sobriety for a minimum of one year before being allowed to care for a child. She opined that if Father "completes all of the recommendations successfully, as well as maintains steady employment and housing, there is no reason to believe a child placed in his care would be at risk in any way."

¶6 Father did not fully engage in parent aide services. Additionally, although there was a three-month gap that was not Father's fault, his participation in drug testing was "negligible at best." The referral for substance abuse treatment was closed out for non-attendance and failure to provide necessary documentation. Even when DCS made another referral, Father only partially participated. Father also failed to maintain sobriety. After initially testing positive for methamphetamine in November and December 2013, he tested clean for a period of time, but tested positive again in February 2014. Father admitted to a relapse in May and did not consistently test clean again until October 2014.[2]

¶7 DCS changed the case plan to severance and adoption. In September 2014, DCS moved to terminate Father's parental rights, alleging he was incapable of discharging parental responsibilities because of a history of chronic drug abuse and grounds to believe that inability would continue for a prolonged indeterminate period. *See* A.R.S. § 8-533(B)(3). DCS also alleged Father had substantially neglected or willfully refused to remedy the circumstances that caused the children to be in an out-of-home placement. *See* A.R.S. § 8-533(B)(8)(b).

¶8 At the severance trial, Father admitted a lengthy history of substance abuse, testifying, "I've tried everything but heroin." Even facing the loss of his children, Father tested positive for methamphetamine in December 2014. Then, despite testing clean for a time thereafter, he tested positive again in March — just weeks before the severance trial.

¶9 The superior court terminated Father's parental rights. The court found that DCS had not proven the time-in-care allegation because it could not find that Father "did not make an appreciable, good faith effort to participate in services." The court did conclude, however, that DCS met its burden of proof as to the chronic substance abuse ground. The

---

[2] During some of that time period, Father could not test because he was incarcerated.

court also found that termination would be in the best interests of the children.

¶10     Father timely appealed.  We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") sections 8-235(A), 12-120.21(A)(1), and -2101(A)(1).

## DISCUSSION

¶11     Father contends DCS failed to make diligent efforts at reunification and failed to prove that his substance abuse would continue for a prolonged, indeterminate period.  However, Father failed to object to the adequacy of services in the superior court.[3]  *See Shawanee S. v. Ariz. Dep't of Econ. Sec.*, 234 Ariz. 174, 179, ¶ 18 (App. 2014) (absent an objection to the type or manner of services, parent waives the right to challenge the adequacy of reunification services on appeal).  But even considering his argument on the merits, the record does not support Father's contention.

¶12     We view the evidence in the light most favorable to sustaining the superior court's findings because it is in the best position to "weigh the evidence, observe the parties, judge the credibility of witnesses, and make appropriate findings." *Christina G. v. Ariz. Dep't of Econ. Sec.*, 227 Ariz. 231, 234, ¶ 13 (App. 2011).  We accept the findings if supported by reasonable evidence and will affirm a severance order unless it is clearly erroneous. *Jesus M. v. Ariz. Dep't of Econ. Sec.*, 203 Ariz. 278, 280, ¶ 4 (App. 2002).

## I.     Adequacy of Reunification Services

¶13     To order severance based on A.R.S. § 8-533(B)(3), the court must find that DCS made reasonable efforts to reunify the family or that such efforts would have been futile. *Jennifer G. v. Ariz. Dep't of Econ. Sec.*, 211 Ariz. 450, 453, ¶ 12 (App. 2005).  DCS was required to give Father the time and opportunity to participate in programs that could help him become an effective parent. *See Maricopa Cty. Juv. Action No. JS–501904*, 180 Ariz. 348, 353 (App. 1994).  DCS must pursue measures with "a reasonable possibility of success," *Mary Ellen C. v. Ariz. Dep't of Econ. Sec.*, 193 Ariz. 185, 187, ¶ 1 (App. 1999), but the agency is not required "to provide every conceivable service or to ensure that a parent participates in each service it offers." *Christina G.*, 227 Ariz. at 235, ¶ 15.

---

[3]     The severance trial transcripts offer the only indication Father was unhappy with services.

¶14        DCS offered numerous services designed to reunite Father with the children.  Admittedly, some services were delayed or had gaps in availability due to circumstances outside Father's control.  But even when nothing prevented his participation, Father's compliance with the substance abuse treatment was lackluster at best, and he continued to abuse methamphetamine.  Under these circumstances, the juvenile court could reasonably conclude that DCS gave Father sufficient time and opportunity to participate in services that could enable him to maintain sobriety and parent his children.

## II.    Sufficiency of the Evidence

¶15        To support severance under § 8-533(B)(3), DCS was required to prove by clear and convincing evidence that reasonable grounds existed to believe that Father's substance abuse would continue for a prolonged and indeterminate period.  *See Raymond F. v. Ariz. Dep't of Econ. Sec.*, 224 Ariz. 373, 377–78, ¶¶ 15, 25 (App. 2010).  Father argues "the same concerns that led the Court to find that the time-in-care ground for severance had not been proven should have also caused a similar finding with respect to the substance abuse provision of section 8-533(B)."  We disagree.

¶16        Unlike the time-in-care provision, a good faith effort to participate in services – by itself – does not bar severance under § 8-533(B)(3).  The severance requirements of § 8-533(B)(3) are materially different from those relating to the time-in-care ground.  *Compare* A.R.S. § 8-533(B)(3) (parent must be unable to discharge parental responsibilities due to substance abuse and "the condition will continue for a prolonged indeterminate period") *with* A.R.S. § 8-533(B)(8)(b) (parent must have "substantially neglected or wilfully refused to remedy the circumstances").

¶17        The superior court concluded:

> Father continues to use methamphetamines.  He has a lengthy history of substance abuse with some periods of sobriety and a long period in 2014 when he did not test at all.  Father has not been able to complete any substance abuse program.  He used methamphetamines shortly before this trial.  Despite services being offered, Father has been unable to stop using substances.  These issues have been ongoing throughout this entire dependency case.

The record amply supports these findings. Father's progress in addressing his chronic substance abuse was poor. A reasonable trier of fact could conclude that his relatively brief periods of sobriety were insufficient given his significant history of abuse and his inability to abstain even when loss of his parental rights was imminent. *See Raymond F.*, 224 Ariz. at 379, ¶ 29. "The interests in permanency for the children must prevail over Father's uncertain battle with drugs." *Id.* The evidence was sufficient for the court to find that Father's substance abuse would continue for a prolonged indeterminate period. *See* A.R.S. § 8-533(B)(3).

### CONCLUSION[4]

¶18      We affirm the judgment of the superior court.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama

---

[4]      Father has not challenged the best interests determination, so we need not address that issue. We note, however, that the children had been in care most of their lives and were in an adoptive placement capable of providing stability and permanency.